IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAYVON SMITH,

               Plaintiff,

  v.

CO HOFF, JOHN DOES 1-4, First Responder Team,
MS. PETERSON, MR. JOHNSON,
and JOHN DOE 5, Dental,

               Defendant.

ORDER

17-cv-30-jdp

---

Plaintiff Trayvon Smith, a state of Wisconsin inmate currently confined at the Wisconsin Secure Program Facility, brings this lawsuit alleging that, while he was confined as a juvenile at the Lincoln Hills School, defendant prison officials beat him after breaking up a fight among several detainees, failed to provide him with medical care, and then performed unwanted dental procedures on him to cover up his injuries. Smith did not know the identities of all of the defendants, so I granted him leave to proceed against five "John Doe defendants" as well as three defendants who Smith identified by last name only.

The court explained the procedure by which Smith would use discovery methods to identify the names of the Doe defendants and amend his complaint to include the correct names. The docket shows that Smith sent requests for production of documents and interrogatories to defendants, to which they responded. But Smith did not amend his complaint; instead he has filed a motion asking the court to appoint him counsel, Dkt. 20, and a motion for a stay of discovery until that motion is decided. Dkt. 22.

Defendants have filed a motion for summary judgment, Dkt. 25, contending that the defendants Smith has identified were not actually present during the events in question, and

that the case should be dismissed because Smith did not timely amend his complaint to name the Doe defendants. They have also filed a motion to supplement their summary judgment materials, Dkt. 40, with information gleaned from Smith's responses to their discovery requests: Smith says that Wendy Peterson "has nothing to do with anything that has to do with this case" and CO Hoff "is in fact clear of any wrong doing." Dkt. 41-2, at 1. Although the parties are still briefing defendants' motion to supplement, I will grant that motion because I will consider those materials in deciding the above motions. The parties need not submit response or reply briefs on the motion to supplement.[1]

Because it appears that Smith has been waiting on a decision on his motion to appoint counsel before amending his complaint, I will not dismiss the case based on his failure to provide an amended complaint. But I will not grant his motion for counsel. He has no right to appointed counsel in a civil-rights lawsuit like this one, and at this point his task is relatively simple. The discovery responses that defendants submitted to Smith and the court includes a summary of the incidents at issue and the names of the facility officials involved, so it should not be difficult for Smith to provide an amended complaint that replaces the Doe defendants with the names of the officials listed in the report. Smith's motion for counsel is denied without prejudice to him refiling it later in the case, if he can show that he is unable to litigate the case himself.

---

[1] Smith has also filed a motion to stay a ruling on the summary judgment motion pending resolution of his motion for appointment of counsel and until after he conducts more discovery about the identities of defendants. I will deny Smith's motions to stay the proceedings because I am denying his motion to appoint counsel and because I can rule on the summary judgment motion without further input from Smith.

The identification problems go beyond the Doe defendants. Often when prisoners name correctional defendants by last name only, defense counsel is able to identify the individuals matching that name, and the plaintiff agrees that the identified individuals are correct. Not so in this case. Defendants contend that they should be granted summary judgment on Smith's claims against youth counselor "Ms. Peterson," Correctional Officer Hoff, and "Officer Johnson" in part because these defendants were not present during any of the events in question. Smith concedes that Hoff was not present during the detainee altercation, so I will dismiss him from the case. Smith alleged that Hoff stomped on his leg, but a conduct report stemming from the incident stares that youth counselor Andrew Yorde "directed" Smith to the floor and that "YC patrol" Todd Riemer subdued Smith by placing his knee on Smith's back. Dkt. 18, at 9–10. Smith may or may not agree with this account of events, but defendants have now given him their version. It is up to Smith to decide how to amend his complaint.

Defendants also argue that Wendy Peterson, the current juvenile education director, should be dismissed from the case because she was not present during this altercation. But Wendy Peterson is not yet a defendant: Smith did not name her as a defendant—he named "Ms. Peterson," and defendants state that there was more than one Ms. Peterson working at Lincoln Hills at the time. Smith answered a request for admission by explicitly stating that Wendy Peterson is not Ms. Peterson. Dkt. 41-1, at 6. Defendants' discovery responses do not show any Ms. Peterson present at the altercation, so in amending his complaint, Smith should explain whether he thinks defendants' account of events left this person out, or whether the person he thought was Ms. Peterson is actually one of the people mentioned in the documents provided by defendants.

Defendants also argue that they should be granted summary judgment on the claim against Ms. Peterson because she did not physically harm Smith; Smith alleges only that Peterson told him, "You're going to pay for this," shortly before other defendants used excessive force against him. Dkt. 1, at 1. But I granted Smith leave to proceed on an excessive force claim against Peterson because I can reasonably infer from this comment that Peterson either directed the other defendants to harm him or knew that he would be harmed and failed to protect him from the harm. So I will not dismiss Peterson on this ground.

As for defendant "Officer Johnson," Smith says that he and defendant Doe No. 1 held him down while defendant Doe No. 5 fixed his broken teeth against his will, to hide evidence of his mistreatment. Defendants say that there was more than one "Mr. Johnson" working at Lincoln Hills. It is unclear whether Smith's dental records would assist in naming this official: Smith asked for his dental records, but defendants responded, stating that "the answering defendants are no longer in possession of the requested records," and they are not part of the record here. Dkt. 18, at 3–4. But defendants' duty to turn over records is not limited to those records they possess: they should make available records within their "possession, custody, or control." *See* Fed. R. Civ. P. 34(a). Once Smith amends his complaint to name the other officials that should be identifiable, those defendants likely would have Smith's dental records under their control, so I expect them to either provide Smith with copies or otherwise make them available. If they do not, Smith may file a motion to compel discovery of those materials.

Defendants also move for summary judgment based on the defense of qualified immunity, on the theory that all of the defendants acted reasonably to quell the altercation among detainees. But whether defendants' actions were truly reasonable is the subject of further litigation, after Smith has identified the defendants. So I will deny defendants' motion

for summary judgment in all respects except its argument that defendant Hoff should be dismissed. Smith will have a short time to provide an amended complaint. The rest of the schedule is reset as follows:

- Disclosure of Expert Witnesses: Plaintiff: December 3, 2018; Defendants: January 2, 2019

- Deadline for Filing Dispositive Motions: January 11, 2019

- Discovery Cutoff: May 9, 2019

- Rule 26(a)(3) Disclosures and motions in limine: May 24, 2019; Objections: June 7, 2019

- Final Pretrial Conference: June 24, 2019 at 8:30 a.m.

- Trial: June 24, 2019 at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Defendants' motion to supplement its motion for summary judgment, Dkt. 40, is GRANTED.

2. Plaintiff Trayvon Smith's motion for appointment of counsel, Dkt. 20, is DENIED.

3. Plaintiff's motions to stay discovery, Dkt. 22, and a ruling on defendants' summary judgment motion, Dkt. 33, are DENIED.

4. Defendants' motion for summary judgment, Dkt. 25, is GRANTED in one respect: defendant Hoff is DISMISSED from the case. The motion is DENIED in all other respects.

5. The schedule is amended as stated above.

Entered August 14, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge