IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

TRAYVON SMITH,

        Plaintiff,

v.

Case No. 17-CV-30

ANDREW YORDE, MS. PETERSON, MR. JOHNSON,
EARL HEIER, JIM ALLEN, TODD RIEMER,
TRAVIS TAVES, THOMAS BRANDT,
THOMAS TOMASZEWSKI and RICHARD OLSON,

        Defendants.
_____

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
_____

Defendants, by their attorneys, Crivello Carlson, S.C., answer Plaintiff's "Amended Verified Complaint" as follows:

### PARTIES

1. Answering paragraph 1, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

2. Answering paragraph 2, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

3. Answering paragraph 3, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

4. Answering paragraph 4, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

5. Answering paragraph 5, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

6. Answering paragraph 6, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

7. Answering paragraph 7, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

8. Answering paragraph 8, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

9. Answering paragraph 9, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

10. Answering paragraph 10, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

11. Answering paragraph 11, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

**STATEMENT OF CLAIMS**

12. Answering paragraph 12, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

13. Answering paragraph 13, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

14. Answering paragraph 14, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

15. Answering paragraph 15, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

16. Answering paragraph 16, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

17. Answering paragraph 17, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

18. Answering paragraph 18, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

19. Answering paragraph 19, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

20. Answering paragraph 20, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

21. Answering paragraph 21, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

22. Answering paragraph 22, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

23. Answering paragraph 23, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

24. Answering paragraph 24, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

25. Answering paragraph 25, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

26. Answering paragraph 26, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

27. Answering paragraph 27, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

28. Answering paragraph 28, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

29. Answering paragraph 29, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

30. Answering paragraph 30, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

31. Answering paragraph 31, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

32. Answering paragraph 32, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

33. Answering paragraph 33, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

34. Answering paragraph 34, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

35. Answering paragraph 35, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

36. Answering paragraph 36, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

37. Answering paragraph 37, lack information sufficient to form a belief, thereby deny and put Plaintiff to his proof.

**FIRST CONSTITUTIONAL CLAIM**

1. Answering paragraph entitled First Constitutional Claim, restate and reallege all answers, denials, and affirmative defenses asserted herein; as further answer, deny.

## SECOND CONSTITUTIONAL CLAIM

1. Answering paragraph entitled First Constitutional Claim, restate and reallege all answers, denials, and affirmative defenses asserted herein; as further answer, deny.

## RELIEF REQUESTED

1. Answering paragraph 1, deny Plaintiff is entitled to the relief sought.

2. Answering paragraph 2, deny Plaintiff is entitled to the relief sought.

3. Answering paragraph 3, deny Plaintiff is entitled to the relief sought.

4. Answering paragraph 4, deny Plaintiff is entitled to the relief sought.

5. Answering paragraph 5, deny.

6. Answering paragraph 6, admit.

## AFFIRMATIVE DEFENSES

Defendants, by their attorneys, Crivello Carlson, S.C., submit the following affirmative defenses to Plaintiff's "Amended Verified Complaint:"

1. Defendants are immune from suit under common law and statutory immunities and privileges, including qualified immunity and discretionary immunity.

2. To the extent Plaintiff seeks to pursue claims under Wisconsin substantive law, Plaintiff's claims are subject to the prerequisites, limitations and immunities contained in Wis. Stat. § 893.80.

3. The acts of these answering defendants were in good faith and not motivated by malice or intent to harm.

4. Plaintiff's claim for punitive damages is contrary to Wisconsin law, the Wisconsin Constitution, and the United States Constitution.

5. Plaintiff's claims against Ms. Peterson and Mr. Johnson are barred because Plaintiff has

failed to properly state a claim by not adequately identifying Ms. Peterson and Mr. Johnson, as required by this Court.

6. The Court may lack jurisdiction over these answering defendants because Plaintiff failed to properly serve these answering defendants.

7. Plaintiff's claimed injuries and damages, if any, may have been caused by the negligence, actions, omissions, or fault of third parties or Plaintiff.

8. Plaintiff's claimed injuries and damages, if any, may have been caused by a superseding or intervening cause, preventing Plaintiff a right of recovery against these answering defendants.

9. Plaintiff failed to mitigate his damages.

10. Plaintiff failed to state a claim upon which relief can be granted.

11. Plaintiff may have failed to join all necessary and indispensable parties.

12. Plaintiff has failed to exhaust his administrative remedies for relief available other than a lawsuit in federal district court.

13. All or portions of the Amended Verified Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

14. All affirmative defenses set forth in Fed. R. Civ. P. Rule 8(c)(1) are hereby incorporated by reference for the full purpose of non-waiver should an investigation or discovery show the applicability and availability of the same. Defendants incorporate all other applicable affirmative defenses permitted by law, the applicability of which are unknown at this time as discovery is continuing. These answering defendants reserve the right to amend this answer to assert additional defenses as discovery proceeds.

WHEREFORE, defendants respectfully request judgment as follows:

1. For dismissal of Plaintiff's Amended Verified Complaint on the merits and with prejudice;

2. For reasonable actual attorney fees pursuant to 42 U.S. C. § 1988;

3. For costs and disbursements of this action; and

4. For such other relief as this Court deems just and equitable.

**DEFENDANTS HEREBY DEMAND A JURY TRIAL.**

Dated this 5th day of September, 2018.

        CRIVELLO CARLSON, S.C.
        Attorneys for Defendants
        Andrew Yorde, Ms. Peterson, Mr. Johnson,
        Earl Heier, Jim Allen, Todd Riemer, Travis
        Taves, Thomas Brandt, Thomas Tomaszewski,
        and Richard Olson

        By: *s/ Susan C. VenRooy*
            SAMUEL C. HALL, JR
            State Bar No. 1045476
            KILEY B. ZELLNER
            State Bar No. 1056806
            SUSAN C. VENROOY
            State Bar No. 1102008

710 North Plankinton Avenue, Suite 500
Milwaukee, WI  53203
Phone: 414-271-7722
Fax:   414-271-4438
E-mail: shall@crivellocarlson.com
       kzellner@crivellocarlson.com
       svenrooy@crivellocarlson.com