IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAYVON SMITH,

                  Plaintiff,

  v.

JOHN DOES 1-4, First Responder Team,
MS. PETERSON, MR. JOHNSON,
and JOHN DOE 5, Dental,

                  Defendants.

ORDER

17-cv-30-jdp

---

    Plaintiff Trayvon Smith, a state of Wisconsin inmate currently confined at Waupun Correctional Institution, alleges that while he was confined as a juvenile at the Lincoln Hills School, defendant prison officials beat him after breaking up a fight among several detainees, failed to provide him with medical care, and then performed unwanted dental procedures on him to cover up his injuries. Smith did not know the identities of all of the defendants, so I granted him leave to proceed against "John Doe" defendants and other defendants who Smith identified by last name only.

    In an August 14, 2018 order, I largely denied defendants' motion for summary judgment on preliminary grounds, and I gave Smith a chance to file an amended complaint identifying the Doe defendants. Dkt. 49. Smith has filed an amended complaint, Dkt. 51, that addresses some, but not all, of the pleading problems with his original complaint. In this order, I will screen Smith's amended complaint, as I screened his original allegations.[1]

---

[1] Defendants have filed a motion asking the court to screen the amended complaint. Dkt. 53. I will grant that motion.

I previously granted Smith leave to proceed on excessive force claims against defendant Doe No.1 for beating him in the unit bathroom; defendant Ms. Peterson, who told Smith that he "was going to pay" right before defendants harmed him; and three more Doe defendants who were present at the scene but did not intervene to protect Smith. Smith amends his allegations to name Andrew Yorde, Earl Heier, Jim Allen, Todd Riemer, Travis Taves, Thomas Brandt, and Thomas Tomaszewski as the "first responder team" that was present at the scene. I will grant Smith leave to proceed on excessive force claims against each of these defendants. I note that Smith does not identify which of the defendants is the Doe who kicked him, although at this point that is unnecessary; all of the defendants in the room could be liable either for directly harming him or failing to intervene.

Smith continues to be unable to identify the first name of defendant "Ms. Peterson." Defendants say that it is not Wendy Peterson, the current juvenile education director, and Smith agrees. In my last order, I stated that defendants' discovery responses do not show any Ms. Peterson present at the altercation, so in amending his complaint, Smith should explain whether he thinks that defendants' account of events left this person out, or whether the person he thought was Ms. Peterson is actually one of the people mentioned in the documents provided by defendants. From Smith's amended complaint, he appears to continue to believe that Ms. Peterson is an official who was present at the scene yet left out of the official narrative of events in the incident report.

In a response to a request for admission, Smith says that Peterson is "the YC3 [youth counselor] that worked on Miller Unit the night of the incident." Dkt. 41-2, at 1. In their motion for summary judgment, defendants say that there has never been a youth counselor named Ms. Peterson at Lincoln Hills. They also say that there have been "numerous"

women named Peterson employed at Lincoln Hills in other capacities, but that the name is "too common" to identify who Smith is asking about. It appears that Smith is mistaken about Peterson being a youth counselor, but defendants should still be able to explain whether anyone named Peterson worked on Miller Unit the night of the incident, so I will give them a short time to provide the names and positions of those individuals to Smith.

Smith originally alleged that once he was placed in a van to be taken to segregation, defendant John Doe No. 1 beat him and then kept him in a cell for a week instead of getting him medical attention. Smith now alleges that defendant Riemer took those actions, so I will allow Smith to proceed on excessive force and medical care claims against Riemer.

Smith originally alleged that defendants "Officer Johnson" and a Doe officer held him down, while defendant Doe No. 5 fixed his broken teeth against his will to hide evidence of his mistreatment. Now Smith alleges that the Doe officer is the same unidentified officer who kicked him in the bathroom, and he continues to be unable to come up with a first name for defendant Johnson. But he now names Richard Olson as the dentist who fixed his teeth against his will. As discussed in the original screening order, I will grant Smith leave to proceed on due process and retaliation claims against these defendants.

In my previous order, I noted that defendants stated that they no longer had Smith's dental records in their possession, but that after Smith named other officials, it would be likely that one of those defendants would have control over those records. Now that Olson has been named as a defendant, I will give defendants a short period to time to update their response to Smith's discovery requests about his dental records. I will set a deadline for Smith to use the information he receives from defendants to submit a supplement—not a brand-new complaint—in which he identifies each of the remaining unidentified defendants: Peterson,

3

Johnson, and Doe No. 1. I will also set a new dispositive motions deadline to accommodate the defendant identification process.

ORDER

IT IS ORDERED that:

1. Defendants' motion to screen the amended complaint, Dkt. 53, is GRANTED.

2. Plaintiff Trayvon Smith is GRANTED leave to proceed on the following claims:

   - Excessive force claims against defendants Ms. Peterson, Andrew Yorde, Earl Heier, Jim Allen, Todd Riemer, Travis Taves, Thomas Brandt, and Thomas Tomaszewski.

   - A medical care claim against defendant Riemer.

   - Due process and retaliation claims against defendants Richard Olson, Mr. Johnson, and Doe No. 1.

3. Defendants may have until January 24, 2019, to respond to plaintiff's discovery requests about his dental procedure.

4. Plaintiff may have until February 7, 2019, to submit a supplement to his complaint identifying defendants Peterson, Johnson, and Doe No. 1.

5. The dispositive motions deadline is extended to March 4, 2019.

Entered January 10, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge